UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD DAVID RICHARDSON III, | CASE NO. C25-1502-KKE |
| Plaintiff(s), | ORDER DECLINING TO ISSUE SUMMONS PENDING AMENDMENT OF THE COMPLAINT |
| v. | |
| INFINITI OF LYNNWOOD, | |
| Defendant(s). | |

Plaintiff Howard David Richardson III, representing himself, filed this action and applied to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 3. United States Magistrate Judge S. Kate Vaughan granted Plaintiff's IFP application on August 19, 2025, but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B) before summons are issued. Dkt. No. 4.

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a

right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Although Rule 8 "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  A plaintiff asserting fraud must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b) by stating "with particularity the circumstances constituting fraud or mistake."  In all cases, the complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

In this case, Richardson sues Defendants Infiniti of Lynwood, Inc. ("Infiniti"); its "representative," Sunil Lapunzeli; and Santander Consumer USA Inc. ("Santander") over events related to the apparent repossession and sale of his vehicle. Dkt. No. 5 at 9.  Richardson alleges that Infiniti "created and submitted a falsified credit application" for a car loan. *Id.*  He alleges Infiniti "obtained [Richardson's] signature through deception, forged key documents, and conspired to assign a lien and finance agreement that [he] never agreed to," and that Santander "knowingly accepted and enforced a fraudulent loan that was not authorized by [Richardson], despite being put on notice through multiple dispute letters." *Id.*  Richardson further alleges that Lapunzeli "was directly informed of the fraud through email communications and chose to ignore the overwhelming evidence provided." *Id.*  Richardson asserts claims under the Truth in Lending Act, 15 U.S.C. § 1601, et seq.; Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.; Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968; and federal identify theft and wire fraud statutes, 18 U.S.C. §§ 1028, 1343. *Id.* at 3.  As relief, he seeks statutory and compensatory damages, declaratory judgment, litigation costs, and an injunction preventing

Infiniti and Santander from attempting to collect on the allegedly fraudulent loan. Dkt. No. 5 at 10.

As recommended by Judge Vaughan, the Court has reviewed Richardson's complaint (Dkt. No. 4) and finds that his claims sound in fraud and are therefore subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). To satisfy this standard, Richardson's complaint must "provide an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (cleaned up). It must also "set forth what is false or misleading about [the Defendants'] statements, and why they are false." *Bodenburg v. Apple Inc.*, 146 F.4th 761, 771 (9th Cir. 2025) (citation omitted). Richardson's complaint does not explain what fraudulent representations Defendants allegedly made, who made them, when or where they were made, or what made them false. To state just a few examples, the complaint provides no detail about how Infiniti "obtained [Richardson's] signature through deception," what "key documents" it "forged," what actions were taken in furtherance of the "conspir[acy]" to fraudulently execute a loan in his name, or who actually did any of these things. Dkt. No. 5 at 9.

Due to the lack of factual allegations stating with particularity the circumstances of the alleged fraud, the Court cannot find that Richardson has stated valid claims upon which this Court can grant relief. **The Court therefore declines to issue summons at this time and ORDERS Richardson to file an amended complaint, no later than November 3, 2025.** An amended complaint will completely replace the original complaint, and Richardson must articulate the factual bases supporting his claims. If Richardson fails to file an amended complaint and/or fails

to adequately address the issues identified in this order, the Court may dismiss this action for failure to state a claim or for failure to comply with a court order.

The clerk shall mail Plaintiff a copy of this order along with a copy of the Pro Se Guide to Filing Your Lawsuit in Federal Court.

Dated this 6th day of October, 2025.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge